YATES, Judge,
dissenting.
I respectfully dissent. The trial court in this instance clearly modified the property division in the original divorce judgment. The trial judge on the post-judgment proceedings, no doubt, viewed the agreement based on the equities existing at that time. However, the intentions of the parties at the time the agreement is entered into must be determined.
*74 A review of the entire agreement makes it absolutely clear that the homeplace was to be sold, as the wife testified, within a “reasonable time” following the divorce. Paragraph 6 of the agreement stated:
“6. That the [wife] shall convey to the [husband] all of her right, title and interest in and to the jointly owned homeplace located at 438 Scott Drive, Saraland, Alabama. Said conveyance shall be subject to a lien in the sum of $15,000.00. Said conveyance shall be satisfied upon the sale of the homeplace.”
The parties to this divorce, by agreement, divided everything equally. Each party waived alimony, each was awarded custody of one minor child, and, because the husband’s earnings were twice those of the wife, he was required to pay the wife $300 per month child support.
Each party was to maintain hospitalization insurance on the minor child in his or her custody. Each party was awarded the money in his or her own savings account, and the parties equally divided the Christmas Club account. Each party was awarded the vehicle he or she was driving. The personal property also appears to have been equally divided. There were no outstanding debts of the marriage, and each party was to pay his or her attorney’s fees.
In view of the entire agreement, I find Paragraph 6 to be absolutely clear: that the parties intended and agreed that the house would be sold “within a reasonable time” following the divorce and that the wife would then receive $15,000 pursuant to her lien on the property. It is inconceivable, given the agreement in its entirety, that the wife would consent to allow the husband, as he testified, to live in the homeplace forever if he so chose. This would preclude her from ever collecting the $15,000 secured by the lien. Therefore, in my opinion, the trial court erred in granting the motion for a register’s deed and to further modify the property division.